```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

HECTOR L. HUERTAS,

        Plaintiff,

  v.                             Civil Action No. 08-2009 (JBS)

TRANSUNION, LLC, et al.,           **ORDER**

        Defendants.

      This matter is before the Court upon pro se Plaintiff Hector L. Huertas' motion and amended motion for partial judgment on the pleadings against Defendant Experian, Inc., pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [Docket Items 11 and 12]. Plaintiff argues that partial judgment is warranted because Defendant Experian, in answering Plaintiff's complaint, did not provide facts or explanations in support of its denials.

      The Court, having considered the matter, will deny Plaintiff's request for partial judgment on the pleadings, finding that Plaintiff has misconstrued the purpose of a Rule 12(c) motion. This Court cannot grant judgment on the pleadings under Rule 12(c) "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." <u>Kruzits v. Okuma Mach. Tool, Inc.</u>, 40 F.3d 52, 54 (3d Cir. 1994) (internal citations and punctuation omitted). Relief is unavailable to Plaintiff at this stage, where Defendant Experian has clearly denied the

allegations [Docket Item 6] and, in defending this motion, has also explained its denial.  In this matter, there are material issues of fact in dispute that must await the completion of discovery.[1]

WHEREFORE, IT IS, this  **5th**  day of **November, 2008,** hereby

ORDERED that Plaintiff Hector L. Huertas' motion and amended motion for partial judgment on the pleadings [Docket Items 11 and 12] be **DENIED**.

 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge

---

[1] After discovery is conducted, Plaintiff may be able to renew his arguments in a motion for summary judgment, if Plaintiff can demonstrate that Defendant Experian actually disclosed Plaintiff's medical provider identities to third parties (Counts I and II), and that Defendant Experian kept Plaintiff's delinquent account information past seven and a half years (Count IV).