Hector L. Huertas,
By: Hector L Huertas (HLH, 2011)
    Pro-Se
2205 Sewell Street
Post Office Box 448
Camden, N.J. 08101
**hlhuertas@yahoo.com**

RECEIVED-CLERK
U.S. DISTRICT COURT

2009 MAR 25  ᑭ 5: 34

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Hector L Huertas, | ) Honorable Jerome B Simandle |
| | ) |
|     Plaintiff, | ) Magistrate Joel Schneider |
|     v. | ) |
| | ) **D.C. Civ. No. 08-cv-02009-JBS-JS** |
| TRANSUNION, LLC.; | ) |
| EXPERIAN, INC.; | ) *Jury Trial Demanded* |
| DOCTOR RONALD BRODY, a | ) |
| Physiatrist; | ) **SECOND AMENDED COMPLAINT** |
| **NRA GROUP, LLC. dba National** | ) |
| **Recovery Agency;** | ) |
| **Citigroup, Inc. dba CITI Bank of** | ) |
| **North America,** | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Hector L Huertas, complains against Experian, Inc ("Experian"), TransUnion, LLC ("TransUnion"), and Doctor Ronald Brody ("Brody"), NRA Group, LLC, dba National Recovery Agency, and Citigroup, Inc, dba Citi Bank of North America hereinafter "Defendants" as follows:

## A. **NATURE OF THE ACTION**

1.     This is an action brought pursuant to 15 U.S.C. § 1681 *et seq.*, for violations of the Fair Credit Reporting Act ("FCRA"); New Jersey Statutes Annotated Title 56, Chapter 8(Frauds, etc., in Sales or Advertisements of Merchandise); medical malpractice; and libel and slander.

## B.     PARTIES

2.     The Plaintiff is Hector L Huertas; The Defendants are Experian, Inc; TransUniion, LLC; and Doctor Ronald Brody.

3.     Plaintiff currently resides and obtained his consumer report in The City of Camden, County of Camden, State of New Jersey.

4.     Experian is a corporation organized under the laws of various jurisdictions and is licensed to do business in all 50 states and is headquartered at 955 American Lane; Schaumburg, IL 60173; 1 224 698 5600.

5.     TransUnion is a corporation organized under the laws of various jurisdictions and is licensed to do business in all 50 states. Defendant is headquartered in 555 W. Adams Street Chicago, IL 60661.

6.     Doctor Ronald Brody is headquartered at the CARE Center of South Jersey located at 1937 Haddonfield-Berlin Road; Cherry Hill, NJ 08003.

7.     NRA GROUP, LLC. dba National Recovery Agency ("NRA"), is located at 2491 Paxton Street Harrisburg, PA 17111, or P.O. Box 67015 Harrisburg, PA

17106-7015; Phone: 1-800-360-4319 or 717-540-5605; Fax: (717) 540-4810 or (800) 360-9954; Email: inquiry@nationalrecovery.com.

8.  Citigroup, Inc dba CITI Bank of North America ("CITI") is headquartered at 399 Park Avenue, New York, New York.

## C.  JURISDICTION

9.  Jurisdiction is proper in United States District Court under 28 U.S.C. § 1331 because there is a federal question for the alleged violation of the FCRA; and pendent state jurisdiction. Further, Defendants operate, conduct, engage in, or carry on a business or business venture in the State of New Jersey, and therefore have debts owing to them in the state.

## D.  VENUE

10.  Venue is proper in United States District Court for the District of New Jersey as the acts or omissions, which gave rise to the cause of action, occurred in Camden, New Jersey within the United States.

## E.  COMPLAINT

### I.  Count 1– Violation of the Federal Fair Credit Reporting Act § 1681b(g)(1)'s requirement that "A consumer reporting agency shall not furnish. . . a consumer report that contains medical information. . . about a consumer"

11.  Defendant Credit Reporting Agency, Experian, currently maintains a consumer report on Plaintiff, Hector L Huertas. A copy of the most recently

Second Amended Complaint - 3

acquired consumer reports are attached hereto, marked as **Exhibit A**, and made part of this Complaint by reference.

12.  The above-named Defendant, Experian, recorded and included in Plaintiff's consumer report, on the disclosures provided to the Plaintiff pursuant to § 1681g(a)(1), the names of several original creditors, to wit, DOCTOR RONALD BRODY and HADDON EMERGENCY PHYSICIANS.

### II.  Count 2– Violation of the Federal Fair Credit Reporting Act § 1681c(a)(6)'s requirement that "no consumer reporting agency may make any consumer report containing. . . [t]he name. . . of any medical information furnisher that has notified the agency of its status"

13.  Paragraphs 9 through 10 are incorporated herein by reference as though fully set forth.

14.  The above-named Defendants, Experian, violated the Federal Fair Credit Reporting Act § 1681c(a)(6)'s requirement.

### III.  Count 3– Violation of the Federal Fair Credit Reporting Act § 1681g(a)(1)'s requirement to "*clearly* and *accurately* disclose . . . all information" in the plaintiffs' consumer file

15.  The above-named Defendant, Experian, recorded multiple dates in the negative accounts section on the disclosures provided to the Plaintiff pursuant to § 1681g(a)(1), within the Plaintiff's consumer reports.

16.    Such multiple dates information is also significantly inaccurate as to establishing the proper and accurate dates of activity required pursuant to 15 U.S.C. §1681c-(c)(1).

17.    For example, it is unclear which date Experian should use to calculate the 7 ½ - year limit after which the derogatory credit information will actually become obsolete, which date should be the date of 1st delinquency. See Omnibus Consolidated Appropriations Act, 1997, Pub. L. 104-208, §2406(a)(b), 110 Stat. 3009-434 (1996), codified at 15 U.S.C. §1681c-(c)(1).

18.    Plaintiff is also concerned that Defendant's exclusive use of the consumer report's negative accounts section could effectively allow Defendant Experian the opportunity to keep delinquent accounts in the credit file past the seven and one-half year limitation of § 1681c(c)(1).

## IV.    Count 4– Violation of the Federal Fair Credit Reporting Act § 1681c(c)(1)'s requirement of "Running of Reporting Period"

19.    The above-named Defendant, Experian, have kept delinquent accounts in Plaintiff's credit report past the seven and one-half year limitation of § 1681c(c)(1).

## V.    Count 5 – Violation of the Federal Fair Credit Reporting Act § 1681g(a)(1)'s requirement to "clearly and *accurately* disclose . . . all information" in the plaintiffs' consumer file

20.   The above-named Defendant, Experian, records duplicate accounts in the in the negative accounts section on the disclosures provided to the Plaintiff pursuant to § 1681g(a)(1), within Plaintiff's consumer report, which duplicate accounts causes significant confusion and uncertainty for the consumer as to which account is real and which account is the duplicate of the real account.

21.   Such duplicate accounts also cause significant confusion and uncertainty for the consumer as to the accuracy of the actual debt owed by the consumer.

22.   The Plaintiff further alleges that Defendant Experian make the afore-mentioned disclosures confusing and inaccurate to benefit debt collectors who are trying to collect outstanding debts.

23.   The Plaintiff further alleges that Defendant also makes the disclosures confusing and inaccurate to prevent the Hispanic Plaintiff from benefiting from his credit history.

### VI.   Count 6– Violations of the Federal Fair Credit Reporting Act § 1681i(a)(1)'s requirement that "Reinvestigation Required."

24.   The above-named Defendant, Experian, failed to maintain "reasonable procedures" to insure the accuracy of its reports when they re-investigated the disputed delinquency concerning the National Recovery Agency and Doctor Ronald Brody within the consumer report.

25.    Equifax, Inc also currently maintains a consumer report on Plaintiff,

L Huertas. Equifax has deleted the Doctor Ronald Brody Credit Accou~

Plaintiff's credit file.

26.    A copy of the Equifax credit report dated 2/15/2007 that contains th

account is attached hereto, marked as **Exhibit B**, and made part of this Coi

by reference.

27.    A copy of the Equifax credit report dated 1/7/2008 that does not coi

Brody account is attached hereto, marked as **Exhibit C**, and made part

Complaint by reference.

### VII. Count 7– Violations of the New Jersey Statutes Annotate< 56, Chapter 8 (Frauds, etc., in Sales or Advertiseme Merchandise).

28.    Defendant Doctor Ronald Brody ("Brody"), a Physiatrist, acted out

authority/profession as a medical doctor/professional when he sent Doctor `

Chiropractor Doctor Ronald Parente's business address to coax the Plainti\

believing that Doctor Yulo was performing Physiatrist services for Plai~

Philadelphia, PA police-brutality injuries.

29.    Doctor Yulo merely asked unimportant questions of the Plaintiff and s

deep breaths as he stood behind the Plaintiff on several occasions.

30.  Doctor Yulo performed no Physiatrist treatment, or any treat.
concerning Plaintiff's back pain and herniated disk while at Doctor Paren⌐
Chiropractor, place of business.

31.  Brody intentionally provided Defendant NRA a fictitious  ℓ
delinquency for Physiatrist services the Plaintiff never received.

32.  Defendant Brody further conspired with Defendant NRA on January
when Experian wrongfully verified with NRA the purported delinquent bill,
improper verification by NRA and Experian constitutes a continuing violation.

33.  Brody further conspired with TransUnion on January 2008
TransUnion wrongfully verified with Brody the purported delinquent bill, w
improper verification by Brody and TransUnion constitutes a continuing violai

34.  Plaintiff Hector L Huertas was forced to endure an intentionally in
credit standing, character, general reputation, personal characteristics, and moc
living that caused credit grantors to deny Plaintiff's applications for credit anc
have precipitated the Department of Education, et al, to wrongfully persecu⌐
Plaintiff financially.

35.  Plaintiff also alleges that Defendant Brody intentionally, willfully
wantonly reported such false medical debt to its debt collector Defendant N
therefore, Plaintiff is entitled to punitive damages.

## VIII. Count 8– Violations of the New Jersey Statutes for m. malpractice.

36.    Paragraphs 26 through 34 are incorporated herein by reference as though fully set forth.

37.    Defendant Brody violated New Jersey Statutes against Medical Malpractice.

### IX.    Count 9– Violations of the New Jersey Statutes for libel and slander.

38.    Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39.    Defendant Doctor Ronald Brody made false, defamatory statements about Plaintiff concerning the false delinquency.

40.    Defendant Doctor Ronald Brody communicated to Defendant National Recovery Agency that Plaintiff HECTOR L HUERTAS owed him a delinquency for medical services Doctor Ronald Brody never provided the Plaintiff.

### X.    Count 10– Violations of the Civil Rights Act of 1964 Sec. 201.

41.    Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

42.    Defendants violated plaintiff Hector L Huertas' constitutional rights under the Civil Rights Act of 1964 Sec. 201 because defendants' actions were intended to ruin Plaintiff Hector L Huertas' credit standing, character, general reputation, personal characteristics, and mode of living because Plaintiff is Hispanic.

## XI. Count 11– Violations of the Federal Fair Credit Reporting Act § 1681b (Permissible purposes of consumer reports)

43. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

44. Defendants violated plaintiff Hector L Huertas' rights because defendants' actions were intended to ruin Plaintiff Hector L Huertas' credit standing, character, general reputation, personal characteristics, and mode of living because Plaintiff is Hispanic.

## XII. Count 12– Violation of the Fair Credit Reporting Act § 1681e(d)'s NOTICE TO USERS AND FURNISHERS OF INFORMATION requirement that "A consumer reporting agency shall provide to any person a notice of such person's responsibilities under this title."

45. The above-named Defendant, Experian, failed to maintain "reasonable procedures" to comply with the Fair Credit Reporting Act when they failed to provide proper Notice pursuant to § 1681e(d) to National Recovery Agency, Doctor Ronald Brody, and all other persons and entities who regularly and in the ordinary course of business furnish information to the Defendants with respect to any consumer.

46. The above-named Defendant, Experian, failed to maintain "reasonable procedures" to comply with the Fair Credit Reporting Act when they failed to provide proper Notice pursuant to § 1681e(d) to all persons and entities to whom a consumer report is provided by the Defendants.

47.    Equifax, Inc also currently maintains a consumer report on Plaintiff, Hector L Huertas. Equifax has deleted the Doctor Ronald Brody Delinquency Account from Plaintiff's credit file.

48.    A copy of the Equifax credit report dated 2/15/2007 that contains the Brody account is attached hereto, marked as **Exhibit B**, and made part of this Complaint by reference.

49.    A copy of the Equifax credit report dated 1/7/2008 that does not contain the Brody account is attached hereto, marked as **Exhibit C**, and made part of this Complaint by reference.

### XIII. Count 13– Violation of the Fair Credit Reporting Act 15 U.S.C.S. § § 1681b(a)(3)(A) and 1681q for obtaining Plaintiff's credit report not in connection with a "credit transaction" in which Plaintiff participated directly and voluntarily.

50.    Defendant Credit Reporting Agency, Experian, currently maintains a consumer report on Plaintiff, Hector L Huertas.

51.    On January 11, 2007, Plaintiff HECTOR L HUERTAS applied for an EZ Checking account online through the www.citi.com website.

52.    Upon information and belief, Defendant Citi required the Plaintiff to sign an authorization for Defendant Citi to access Plaintiff's credit report as part of the application for a checking account.

53.    Plaintiff HECTOR L HUERTAS never applied for credit with Defendant Citi.

54.     The Plaintiff HECTOR L HUERTAS only applied for a checking account.

55.     Defendant Citi denied Plaintiff's application for a checking account even though it had accessed Plaintiff HECTOR L HUERTAS' credit report on January 11, 2007.

56.     Plaintiff Hector L Huertas contends that Defendant Citigroup, Inc, dba CITI Bank, willfully violated the FCRA by obtaining, without any FCRA-sanctioned purpose, a credit report on him from Experian, therefore, Plaintiff is entitled to punitive damages.

57.     Plaintiff also alleges that Experian willfully violated the FCRA by furnishing the report to Defendant Citigroup, Inc, therefore, Plaintiff is entitled to punitive damages.

58.     Plaintiff also alleges that CITI intentionally, willfully, and wantonly obtained a consumer report on him under false pretenses and/or knowingly without a permissible purpose, therefore, Plaintiff is entitled to punitive damages.

### XIV. Count 14 – Breach of Duty of Good Faith and Fair Dealing

59.     Paragraphs 1 through 57 are incorporated herein by reference as though fully set forth.

60.     Plaintiff Hector L Huertas' reasonable expectations were destroyed when each Defendant acted with ill motives and without any legitimate purpose.

Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 226 (2005) (citation omitted).

## XV.  Count 15 – Defamation of character against Experian and National Recovery Agency

61.     Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

62.     Defendant National Recovery Agency made false, defamatory statements about Plaintiff concerning the false Doctor Ronald Brody delinquency.

63.     Defendant National Recovery Agency communicated to Defendant Experian that the Plaintiff HECTOR L HUERTAS owed Doctor Ronald Brody a delinquency for medical services even though the Plaintiff was never treated by Doctor Ronald Brody as stated by National Recovery Agency.

64.     Defendant Experian communicated false, defamatory statements about Plaintiff HECTOR L HUERTAS to certain of its subscribers concerning the false Doctor Ronald Brody delinquency.

65.     Plaintiff HECTOR L HUERTAS had informed both Experian and TransUnion that the Doctor Ronald Brody delinquency was false because Doctor Brody never treated the Plaintiff.

## XVI. Count 16 – Invasion of the right to Privacy against National Recovery Agency and Doctor Ronald Brody

66.    Paragraphs 1 through 66 are incorporated herein by reference as though fully set forth.

67.    Defendant Doctor Ronald Brody illegally obtained Plaintiff HECTOR L HUERTTAS' private information, including Plaintiff's social security number, and communicated such private information to Defendant National Recovery Agency.

68.    Defendant National Recovery Agency illegally obtained Plaintiff HECTOR L HUERTTAS' private information, including Plaintiff's social security number, and communicated such private information to Defendants Experian and TransUnion.

## XVII.    Count 17- Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681j(b) for disregarding Plaintiff's requests for a free credit report on August 23, 2008 and September 3 even though Plaintiff was denied credit because of the information in TransUnion's credit report.

69.    Defendant TransUnion, LLC violated plaintiff Hector L Huertas' rights because defendants' actions were intended to deny the Plaintiff his right to a

credit report without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 615 [§ 1681m] . . . the consumer makes a request under section 609 [§ 1681g].

70.    Plaintiff also alleges that TransUnion acted intentionally, willfully, and wantonly, therefore, Plaintiff is entitled to punitive damages pursuant to the FCRA.

## F.    FACTS – DEFENDANT'S KNOWLEDGE OF THEIR WRONGFUL CONDUCT

71.   Defendants Brody, NRA and Experian each knew and continue to know that the BRODY bill was, in fact, false because neither NRA or Experian properly verified such debt with source documentation.

72.   Defendants knew and continue to know that the Plaintiff never owed the alleged Brody debt of an unknown amount as stated within the Experian credit report filed under seal in this case, and has no such personal liability to Brody for such deceptive debt.

73.   However, Defendants Brody, NRA, and Experian have made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate the requirements of the FCRA and failed to properly verify the alleged Brody debt with source documentation, and, instead have maintained the false debt on Plaintiff's credit report to intentionally ruin Plaintiff's credit and to libel and slander the Plaintiff all while intentionally violating the Fair Credit Reporting Act § 1681e(d).

74.   By reporting that Plaintiff owed a balance to Brody, the Defendants NRA and Experian unambiguously stated that Plaintiff has a legal obligation to repay the Brody debt. A third party which may have obtained Plaintiff's credit report would have naturally assumed that Plaintiff failed to pay the Doctor Brody debt for purported medical services.

75.     The Defendant NRA and Brody had promised through its subscriber agreements or contracts with each CRA to update accounts to make them accurate which included accounts similar to Plaintiff's but the Defendants NRA and Brody willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act § 1681e(d) and state law, which resulted in the intended consequences of this false information being reported on Plaintiff's credit reports all with the assistance of Defendant Experian.

76.     In the context of parking an account, the Defendant NRA has an obligation and duty under federal and state law to accurately report the debt and its balance and NRA willfully and maliciously refused to obey federal and state law.

77.     Defendants NRA and Experian had agreed to follow and understand that they should have followed the requirements of the FCRA including, without limitations:

- 15 U.S.C. § 1681(a)(1)(a) which states:

"A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

- 15 U.S.C. § 1681e(d) which states:

Notice to Users and Furnishers of Information

(1) *Notice requirement*. A consumer reporting agency shall provide to any person

    (A) who regularly and in the ordinary course of business furnishes information to the agency with respect to any consumer; or

    (B) to whom a consumer report is provided by the agency;
a notice of such person's responsibilities under this title. (See also 16 CFR 698, App G-H 69 Fed. Reg. 69776 (11/30/04) ).

(2) *Content of notice*. The Federal Trade Commission shall prescribe the content of notices under paragraph (1), and a consumer reporting agency shall be in compliance with this subsection if it provides a notice under paragraph (1) that is substantially similar to the Federal Trade Commission prescription under this paragraph.

78.    Defendants each had a duty under New Jersey law to act reasonably and deal fairly under the circumstances (Count 14, supra).

79.    Defendants each had violated this duty under New Jersey laws by failing to act reasonably under the circumstances which included, but are not limited [1] to, the following:

- Defendants routinely update credit reports;

- Plaintiff disputed the alleged Brody debt;

- Defendant NRA understood the legal effect of falsely reporting to Experian that Plaintiff owed Doctor Brody the alleged debt;

---

[1] Until discovery is completed, Plaintiff cannot know all the circumstances for each Defendant.

• Defendants Brody, NRA, and Experian knew and continue to know that a user of a credit report of Hispanic Plaintiff will see a delinquent medical bill owed to Doctor Brody.

• Defendants Brody, NRA and Experian knew that establishing an inaccurate delinquency on a medical account would harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

• Defendants Brody, NRA and Experian knew that noting in Plaintiff's credit report that the fraudulent Doctor Brody debt was verified would harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

• Defendants NRA and Experian know it is an extraordinarily easy matter to update the Plaintiff's credit report to remove such fraudulent account.

• Defendant NRA knew and had agreed in its agreements with each CRA, including Experian, that it must have followed the FCRA which requires inaccurate information to be updated and corrected when reported to the CRAs;

• Defendant NRA, chose not to properly update the accounts; and

• Defendants Brody, NRA and Experian knew its actions would harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

80.   The Defendants each had and still have a policy and procedure to refuse to properly update credit reports of Hispanic consumers, like the Plaintiff, who have

attempted to clear their credit reports of false accounts but were instead presented with allegations that such false debt was verified. The reason is to keep false information on the credit report. The false information in this case consisted of a false medical account shown as owed (when Defendants have known, ever since Plaintiff properly disputed to Experian in January, 2008, such delinquency) that such medical bill to Doctor Brody is not owed (*See* Experian credit report filed under seal at page 5 of 24).

81.     Defendants each have updated many accounts on a monthly basis with allegedly the correct information regarding the balance but willfully and maliciously refused to do so with Hispanic Plaintiff HECTOR L HUERTAS and with others who are similarly situated who have attempted to remove false debts from their credit reports but instead were informed that the disputed false debt was verified.

## G.     FACTS – MOTIVE FOR WRONGFUL CONDUCT

82.     The Defendant NRA has a policy to "park" its accounts on at least one of the consumer's credit reports, with the assistance of the credit bureaus, specifically Experian. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the purported balance in order to obtain a refinancing, to qualify for a loan, or to increase the consumer's credit score from the artificially lowered score which

directly resulted from each of the Defendants' (that is, NRA and Experian) intentional and malicious conduct. The original Experian credit report was filed under seal in this case.

83.    When the consumer who has discharged or paid the debt pays the "parked" account, the Defendants NRA and Experian each claim that such payment was purely "voluntarily" or was to pay off a "moral obligation". The Defendants each knew and intended as such by willfully and maliciously parking the account on the credit report illegal payment could easily have been extorted from the Plaintiff Hector L Huertas and potentially from other consumers in the same position as Plaintiff.

84.    The Defendants Brody, NRA and Experian each intended to libel and slander the Hispanic Plaintiff's good reputation.

85.    The Defendants Brody, NRA and Experian each knew that parking a balance would lead to false and defamatory information being published every time the Plaintiff's credit report was accessed and this is the malicious and intentional design behind each of the Defendants' actions with the goal to force the Hispanic Plaintiff to pay on an account he does not owe, damage the Plaintiff's good reputation.

86.    After a reasonable opportunity for discovery, Plaintiff will have evidentiary support to show that the FICO© and other scoring models penalize the "debtors"

such as Plaintiff for illegal and defamatory reporting such as each of the Defendant's reporting that is the subject of this complaint.

87.     Defendants violated plaintiff Hector L Huertas' rights because defendants' actions were intended to ruin Plaintiff Hector L Huertas' credit standing, character, general reputation, personal characteristics, and mode of living.

88.     Defendants violated plaintiff's rights because he is Hispanic.

## H.     FACTS – NOTICE TO DEFENDANTS OF THEIR WRONGFUL CONDUCT

89.     Despite receiving Plaintiff's dispute that Doctor Brody never provided Plaintiff with treatment for his herniated disk, the Defendants NRA and Experian each have intentionally and knowingly did not correct their policy of reporting and keeping false and damaging information on Plaintiff's credit report. This notice has been provided directly to Defendant Experian on January, 2008, by Plaintiff's dispute of the Brody debt.

## I.     FACTS – SUMMARY OF WRONGFUL CONDUCT

90.     It is a practice of each of the Defendants Brody, NRA, Experian, and TransUnion to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state laws.

91.    All actions taken by employees, agents, servants, or representatives of any type for Defendants NRA, Experian, and TransUnion were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

92.    All actions taken by the Defendants Brody, NRA, Experian, and TransUnion were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the law.

93.    Defendants Brody, NRA, Experian, and TransUnion have each engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and therefore Defendants are each subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

94.    That upon information and belief, no agreement was entered into by the Plaintiff and Doctor Ronald Brody for any medical treatment nor did the Plaintiff HECTOR L HUERTAS receive any medical treatment from Doctor Ronald Brody.

## J.    EXHIBITS

95.    Plaintiff HECTOR L HUERTAS hereby incorporates hereto by reference as though fully set forth Exhibits A, B, and C attached to the Original Complaint

except any TransUnion credit report or any reference to any TransUnion credit report prior to the incidents of August 23, 2008 and September 3 (see Count 17).

## K.   DAMAGES

96.   Plaintiff seeks recovery of all actual damages in an amount according to proof, additional damages under the FCRA, et al, in an amount according to proof, special damages, declaratory judgment, costs and attorney's fees, punitive damages of $50,000 against each Defendant, and all other relief to which the Plaintiff may be justly and properly entitled.

## L.   JURY TRIAL DEMANDED

97.   Plaintiff hereby demands a jury trial.

## M.   PRAYER

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

1. Judgment in favor of Plaintiff against Defendants,

2. Actual damages in an amount according to proof,

3. Additional damages under the FCRA et al, in an amount according to proof,

4. Costs and reasonable attorney's fees,

5. Punitive damages of $50,000 against each Defendant,

6. Declaratory judgment that Defendants NRA's, Experian's, TransUnion's, and Brody's acts violated the FCRA and New Jersey Consumer Fraud Laws,,

7. Declaratory judgment that Defendants NRA's and Experian's acts violated the Defamation and Invasion of Privacy Laws,

8. Declaratory Judgment that Defendant Brody's acts violated the New Jersey Consumer Fraud Laws, Defamation, Invasion of Privacy, and/or Medical Malpractice Laws.

9. Declaratory Judgment that Defendants NRA's, Experian's, TransUnion's, and Brody's acts violated the Civil Rights Act of 1962 Section 201.

10. Declaratory Judgment that the purported Brody delinquent bill is not the legal responsibility of the Plaintiff herein,

11. An Order enjoining Defendants NRA, Experian, TransUnion, and Brody from engaging in further collection, litigation, credit reporting, and bill reporting efforts against the Plaintiff concerning the disputed Doctor Brody bill.

12. Special damages,

13. All other relief to which the Plaintiff may be justly and properly entitled to.

Dated this _25th_ day of ~~December, 2008~~ March, 2009

By: _Hector J. Huertas_

Hector L. Huertas, Pro Se

856-365-8408

Second Amended Complaint - 25