ELD-015-E                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1084

IN RE: HECTOR L. HUERTAS,
           Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 08-cv-02009)

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 11, 2010

Before: SLOVITER, JORDAN AND GREENBERG, Circuit Judges

(Opinion filed January 11, 2010)

OPINION

PER CURIAM

Hector Huertas, proceeding pro se, has filed a petition for a writ of mandamus seeking to compel the United States District Court for the District of New Jersey to rule on a motion for default judgment and asking this Court to set aside a scheduled conference. We will deny the mandamus petition.

Huertas filed a complaint against TransUnion, LLC, Experian, Inc., Doctor Ronald Brody, NRA Group, LLC, and Citigroup, Inc. alleging violations of the Fair Credit

Reporting Act, fraud, medical malpractice, libel, and slander. On August 21, 2009, Huertas filed a motion for default judgment against Brody because he had not responded to the complaint. On August 31, 2009, the District Court issued an order dismissing the action, stating that it had been reported that the parties had settled the matter.

Huertas wrote a letter to the District Court on November 12, 2009, requesting a ruling on his motion for default judgment against Brody. On November 23, 2009, the District Court issued an order reopening the case as to Huertas's claims against Brody, noting that it had come to the Court's attention that Brody was not a party to the settlement and that he remained in default. On December 10, 2009, the District Court scheduled a conference for January 12, 2010, with Huertas and Brody. Huertas seeks a writ of mandamus compelling the District Court to rule on his motion for default judgment and asks us to set aside the scheduled conference.

The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). The writ is a drastic remedy that is seldom issued and its use is discouraged. Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Docket management is committed to the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Although mandamus

2

relief may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), such is not the case here. Huertas's action was dismissed shortly after he filed his motion for default judgment. The District Court reopened Huertas's case as to Brody when Huertas notified the Court of the pending motion for default judgment. The District Court scheduled a conference shortly thereafter. The delay in adjudicating the motion for default judgment does not amount to a failure to exercise jurisdiction. Huertas has not shown that the right to a writ is clear and indisputable. Similarly, mandamus relief is not warranted as to Huertas's request that we set aside the conference scheduled by the District Court. Huertas has not established a right to such relief. Huertas also has not asked the District Court to defer the conference or presented to that Court any argument as to why it should not hold the conference.

Accordingly, we will deny the petition for a writ of mandamus.

3